IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,       *
                                *
        Plaintiff,              *
                                *
        v.                      *       CV 624-051
                                *
JAMES HARVEY ELERSON, JR., et   *
al.,                            *
                                *
        Defendants.             *
                                *

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SEP .5 2025

FILED

## O R D E R

Before the Court are the United States of America's (the
"Government") stipulation of dismissal, motion for default
judgment, and motion for summary judgment (Docs. 11, 21, 26), and
the Government and Defendant Georgia Department of Revenue's
("GDOR") joint motion excusing further participation of GDOR in
the case (Doc. 14). For the following reasons, the Government's
motions (Docs. 11, 21, 26) are **GRANTED**, and the Government and
GDOR's joint motion (Doc. 14) is **DENIED AS MOOT**.

## I. BACKGROUND

The Government initiated this action on August 21, 2024, to
enforce its federal tax liens upon Defendant James Harvey Elerson,
Jr. on real property located at 205 Donehoo Street in Bulloch
County, Georgia (the "Property"). (Doc. 1, at 1.) Elerson

acquired the Property by warranty deed on April 9, 1990, and has not transferred or deeded the Property since. (Doc. 26-1, at 2; Doc. 26-3.)

In an action filed November 2, 2018, in the Middle District of Georgia, the Government sued (a) Elerson and his wife, jointly and severally, for unpaid income taxes for 2007 through 2012; (b) Elerson individually for his unpaid employment taxes for the periods ending June 30, 2010, to September 30, 2011; and (c) Elerson individually for his unpaid trust fund recovery penalties for the periods ending June 30, 2013, through March 31, 2015, and September 30, 2015, through March 31, 2016. (Doc. 26-1, at 2; Doc. 26-5.) Elerson and his wife failed to respond to that complaint, and the Court entered default judgment against them on all claims for a total amount of $923,101.97 plus interest. (Doc. 26-1, at 2; Doc. 26-6.) A signed declaration by a Revenue Officer Advisor with the Internal Revenue Service ("IRS") states the total amount Elerson owes, including interest, as of January 31, 2025, is $1,274,268.21. (Doc. 26-1, at 2; Doc. 26-2, at 3.)

The Government recorded various encumbrances against the Property via the IRS and Department of Justice between February 2009 and August 2024. (Doc. 26-1, at 3-4.) GDOR recorded encumbrances on the Property in May 2008, February 2010, June 2013, and January 2018; Pierside Boatworks, Inc. ("Pierside") recorded a writ of fiera facias in May 2013; Synovus Bank ("Synovus")

2

recorded a writ of fieri facias in November 2016; the Bulloch County Tax Commissioner filed writs of fieri facias in March 2022, June 2023, and May 2024; and the City of Statesboro filed a notice of lis pendens in October 2023. (Id. at 4-5; Docs. 26-9, 26-15.) Along with Elerson, the Government named each of these parties as Defendants because of their recorded encumbrances to the Property.[1] (Doc. 1, at 1.)

The Government and the Bulloch County Tax Commissioner stipulate that the Tax Commissioner's encumbrance has priority over those of the Government. (Doc. 26-1, at 5; Doc. 26-10, at 4.) The Government and the City of Statesboro stipulate that the Government's federal tax liens are superior to any interest the City has in the Property. (Doc. 26-1, at 5; Doc. 26-11, at 2.) GDOR does not assert a claim to any proceeds from the sale of the Property, and the Government and GDOR request GDOR be excused from further participation here. (Doc. 26-1, at 5; Doc. 26-12, at 1.) Synovus and Pierside recorded encumbrances on the Property after the Government had recorded several encumbrances. (Doc. 26-1, at 5-6.) Synovus and Pierside failed to renew their judgment liens in Bulloch County within seven years. (Id.) Pierside also failed

---

[1] The Government also initially named the Georgia Higher Education Assistance Corporation ("GHEAC") as a Defendant but has since determined GHEAC has no claim to the Property. (Doc. 11, at 1.) The Government therefore moves to dismiss GHEAC as a party to this action. (Id.) Pursuant to Federal Rule of Civil Procedure 41(a), the Court **GRANTS** the Government's motion to dismiss GHEAC (Doc. 11).

to revive its judgment by scire facias within three years after the seven years expired. (Id. at 5.)

Elerson, Synovus, and Pierside failed to answer or otherwise respond to the Government's complaint. The Clerk entered default as to Synovus and Pierside on October 2, 2024, and the Government moved for default judgment as to those Defendants on October 8, 2024. (Docs. 16, 21.) The Clerk entered default as to Elerson on October 11, 2024. (Doc. 24.) The Government filed its unopposed motion for summary judgment on February 11, 2025. (Doc. 26.) The Clerk of Court gave Defendants notice of the motion for summary judgment and informed them of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 27.) For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The pending motions are therefore ripe for the Court's review.

## II. MOTION FOR DEFAULT JUDGMENT

The Court first considers the Government's motion for default judgment as to Pierside and Synovus. (Doc. 21.)

### A. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244 (11th Cir. 2015) (citing FED. R. CIV.

4

P. 55(b)(2)). However, "[e]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." Id. at 1245 (citation and internal quotation marks omitted). A "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Id. (citation and quotation marks omitted); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks and citation omitted)).

## B. Discussion

Before considering the Government's factual allegations, the Court first examines whether it has jurisdiction over this case, Synovus, and Pierside. See Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at *1 (S.D. Ga. May 4, 2020) (noting the Court must have subject matter jurisdiction and personal jurisdiction to grant motion for default judgment).

28 U.S.C. § 1345 provides federal district courts with original jurisdiction over "all civil actions, suits or proceedings commenced by the United States . . . ." The Court therefore has subject matter jurisdiction over this case. Venue is also proper under 28 U.S.C. § 1391(b)(2), which provides that

"a civil action may be brought in . . . a judicial district in which . . . a substantial part of property that is the subject of the action is situated."

The Government does not specify a basis for personal jurisdiction as to Synovus and Pierside. (See Docs. 1, 21.) However, the Court finds personal jurisdiction exists for both. Synovus was served with process in Columbus, Georgia, on August 27, 2024, so personal jurisdiction in this Court is proper under Federal Rule of Civil Procedure 4(k)(1). (Doc. 8.) Pierside, however, was served with process in Charleston, South Carolina, on August 30, 2024, and the Government does not allege Pierside is a Georgia resident. (Doc. 10.) For nonresident defendants in Georgia,

> [j]urisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006) (citation omitted). Here, the first two elements are clearly satisfied. Pierside received a writ of fiera facias against Elerson from the Superior Court of Bulloch County on April 19, 2013. (Doc. 26-9, at 5.) The Property is in Bulloch County.

6

(Doc. 1, at 1.)  Therefore, Pierside purposefully did some act in Georgia that is connected to this action.

Turning to whether exercising jurisdiction over a defendant complies with traditional notions of fair play and substantial justice, courts weigh four factors: "the burden on the defendant of litigating in the forum, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief[,] and the judicial system's interest in resolving the dispute." Licciardello v. Lovelady, 544 F.3d 1280, 1284 (11th Cir. 2008) (citing World-Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 292 (1980)).  Each factor weighs in favor of exercising personal jurisdiction over Pierside.  First, Pierside was served with process in Charleston, South Carolina, and has raised no objection to why personal jurisdiction in Statesboro, Georgia, would be overly burdensome.  Second, the forum has a strong interest in adjudicating the dispute given the presence of the Property in Georgia.  Third, the Government has an interest in resolving the dispute where the Property and relevant records are located.  And fourth, exercising personal jurisdiction will permit efficient resolution by the Court.  For these reasons, the Court finds it has personal jurisdiction over Pierside and Synovus.

Because jurisdiction is proper, and because neither has availed itself of the opportunity to assert its interest in the

Property by answering or otherwise responding to the Government's complaint, the Court finds the Government is entitled to default judgment determining Pierside and Synovus have no interest in the Property and are not entitled to proceeds from the sale of the Property. See United States v. Mandras, No. 6:20-CV-164, 2021 WL 3508090, at *2 (M.D. Fla. Mar. 10, 2021); United States v. Cornwell, No. 6:18-CV-2194, 2020 WL 674092, at *5 (M.D. Fla. Feb. 11, 2020). The Government's motion for default judgment (Doc. 21) is **GRANTED**.

### III. MOTION FOR SUMMARY JUDGMENT

The Court now turns to the Government's motion for summary judgment. (Doc. 26.)

**A. Legal Standard**

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they could "affect the outcome of the suit under the governing [substantive] law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citation omitted), and a dispute is genuine "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor," Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001) (citation omitted). The court must view factual

disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor," United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it 'must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial.'" Four Parcels of Real Prop., 941 F.2d at 1438 (emphasis omitted) (quoting Celotex Corp., 477 U.S. at 331 (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." Id. (citations and internal quotation marks omitted).

Even where, as here, a motion for summary judgment is unopposed and the movant's statement of material facts is deemed admitted, the district court must still consider the merits of the

motion and review the movant's citations to the record "to determine if there is . . . no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted); see also United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004). The presence of any genuine issue of material fact renders summary judgment inappropriate. 5800 SW 74th Ave., 363 F.3d at 1101.

**B. Discussion**

The Court notes from the outset that the Government's motion is unopposed, so its statement of material facts is deemed admitted by Defendants. (Doc. 26-1); see L.R. 7.5, SDGa. ("Failure to respond [to a motion] within the applicable time period shall indicate that there is no opposition to a motion."); L.R. 56.1, SDGa. ("Each statement of material fact shall be supported by a citation to the record. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.").

The Government asserts no genuine issue of material fact exists because the federal tax liens against Elerson attach to the Property, the Government is entitled to foreclose those liens, and the order of priority for distribution of sale proceeds is already established. (Doc. 26, at 3-6.) The Court agrees.

"Generally, when a taxpayer fails to pay a tax, that amount, plus interest and penalties, becomes a lien in favor of the United States upon all property belonging to the taxpayer." United States v. Spoor Tr. of Louise Paxton Gallagher Revocable Tr., 838 F.3d 1197, 1201 (11th Cir. 2016) (citing 26 U.S.C. § 6321). The lien arises "at the time the assessment is made and shall continue until the liability for the amount so assessed . . . is satisfied or becomes unenforceable . . . ." 26 U.S.C. § 6322.

Elerson bought the Property on April 9, 1990. (Doc. 26-1, at 2.) The Government recorded various tax liens and other encumbrances against the Property from February 2009 through August 2024. (Id. at 3-4.) Therefore, those liens attached to the Property.

The Government is also entitled to foreclose its liens on the Property. Under 26 U.S.C. § 7403(a), the Government may file a civil action to enforce an unpaid tax lien or "subject any property, of whatever nature, of the delinquent . . . to the payment of such tax . . . ." The Government filed such action in 2018 and was awarded default judgment against Elerson the following year. (Doc. 26-1, at 2.) Therefore, the Government is entitled to enforce its liens on the Property.

Finally, the order of priority for distribution of sale proceeds of the Property has been established. All parties with an interest in the Property have been named as Defendants in

11

accordance with 26 U.S.C. § 7403(b). The Government and the Bulloch County Tax Commissioner stipulate that the County has a priority interest, so the Bulloch County Tax Commissioner shall be paid from the Property's sale proceeds before the Government. (Doc. 26-10.) Neither Synovus nor Pierside is entitled to proceeds because the Court has granted default judgment against both. The final Defendant, GDOR, has disclaimed all interest in the Property.[2] (Doc. 14.) Therefore, after covering costs of the sale of the Property, the sale proceeds will be distributed to the Bulloch County Tax Commissioner, then to the United States.

Finding no genuine dispute of material fact as to attachment of the tax liens to the Property, the Government's entitlement to foreclose the liens, or the priority of interests in the Property, the Court **GRANTS** the Government's motion for summary judgment (Doc. 26).

## IV. CONCLUSION

For the foregoing reasons, the Government's stipulation of dismissal (Doc. 11), motion for default judgment as to Defendants Synovus Bank and Pierside Boatworks, Inc. (Doc. 21), and motion for summary judgment (Doc. 26) are **GRANTED**. The Government and

---

[2] In its motion regarding disclaimer of interest, the Government and GDOR also move the Court to excuse GDOR's further participation in this case. (Doc. 14, at 1.) Because the Court grants the Government's motion for summary judgment herein, the motion to excuse GDOR (id.) is **DENIED AS MOOT**.

Defendant Georgia Department of Revenue's joint motion to excuse further participation (Doc. 14) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **TERMINATE** all pending motions, **ENTER JUDGMENT** for the Government, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of September, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

13